Karen Luong (CA# 246809)
karen.luong@huschblackwell.com
**HUSCH BLACKWELL LLP**
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Direct: 213.337.6559
Fax: 213.337.6551

Rudolph A. Telscher, Jr.* (MO #41072)
rudy.telscher@huschblackwell.com
Paul L. Smelcer* (MO #69351)
paul.smelcer@huschblackwell.com
Andrea J. Fischer* (MO #75879)
andrea.fischer@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone

*Pro Hac Vice Filed Concurrently*

***Attorneys for Plaintiff BowFlex Inc.***

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOWFLEX INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UMUT ASLAN and SELIM ASLAN,**<br><br>Defendants. | Case No. **'24 CV 0064 BEN VET**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT**<br><br>**(DEMAND FOR JURY TRIAL)** |

## COMPLAINT

Plaintiff BowFlex Inc. (f/k/a Nautilus, Inc.), by and through its undersigned counsel, brings the present patent infringement and trademark infringement action against Defendants Umut Aslan and Selim Aslan (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement under the Patent Act, 35 U.S.C. § 1, *et. seq*. and trademark infringement and counterfeiting under the Lanham Act, 15

1

U.S.C. § 1051, *et. seq.* This case states actions for infringement against Defendants'
activities in connection with certain adjustable dumbbell products, as further detailed
below.

2.     Plaintiff seeks remedies and damages to address and compensate for
Defendants' infringement and related acts associated with the making, using, selling,
offering to sell, and/or importation of infringing products, enhanced damages for
Defendants' willful infringement and/or treble damages for counterfeiting, and/or
statutory damages pursuant to 15 U.S.C. § 1117(c), as well as injunctive relief and
Plaintiff's costs and attorneys' fees as authorized by the Patent Act and/or the Lanham
Act.

## THE PARTIES

3.     Plaintiff BowFlex Inc. ("BowFlex") is a Washington corporation
headquartered at 17750 SE 6th Way, Vancouver, Washington 98683.

4.     On information and belief, Defendant Umut Aslan is an individual residing at
9353 Saint George Street, Spring Valley, California 91977.

5.     On information and belief, Defendant Selim Aslan is an individual residing at
5649 Market Street #5651, San Diego, California 92114.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement and trademark infringement under
the patent and trademark laws of the United States, which are codified at Title 35 of the
United States Code and Title 15 of the United States Code, respectively. This Court has
subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants based on their
residence in this District and/or the State of California. In addition or in the alternative,
this Court has personal jurisdiction over Defendants based on their business conducted
in this District and/or the State of California. On information and belief, Defendants
have conducted business in this District from their residences or a storefront located in
this District which includes storing, distributing, and selling the adjustable dumbbells

products that are the subject of this action. For example, fictious business entity records searches for the County of San Diego indicate that Umut Aslan registered the fictitious business name EASY FITNESS EQUIPMENT and Selim Aslan registered the fictitious business names MM FITNESS SUPPLY and MUSCLE MASTER FITNESS SUPPLY, which are both business names used in connection with the product that are the subject of this action.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391.  Specifically, on information and belief, Defendants reside in the State of California and/or this District. On information and belief, Defendants directly target business activities to consumers in California and this District, including through interactive internet webpages and product listings, and at least one storefront located in this District.

## BOWFLEX'S INTELLECTUAL PROPERTY RIGHTS

9.     BowFlex is a worldwide marketer and developer of fitness equipment, with a well-known brand portfolio that includes BowFlex®, Schwinn®, JRNY®, and more.

10.     BowFlex has developed a reputation for its innovative products and has been awarded many patents in the United States and elsewhere that recognize BowFlex's advancements in connection with fitness equipment and related technology.

11.     BowFlex is a leading provider of adjustable dumbbell products. BowFlex has incorporated numerous patented advancements into its adjustable dumbbell products, including but not limited to inventions disclosed and claimed U.S. Patent Nos. 7,261,678 (the "'678 patent"), 7,614,982 (the "'982 patent"), and 8,002,680 (the "'680 patent") (collectively, the "Asserted Patents").

12.     BowFlex's adjustable dumbbell products include the SelectTech 552 Dumbbells and the SelectTech 1090 Dumbbells. Exemplary images of each of these adjustable dumbbells are shown below:

| BowFlex SelectTech 552 Dumbbells |
|---|



| BowFlex SelectTech 1090 Dumbbells |
|---|

13.    BowFlex has complied with 35 U.S.C. § 287 to the extent applicable. For example, since at least 2020, BowFlex has marked substantially all BowFlex adjustable dumbbell products with a decal that identifies a URL linking to a webpage where a listing of BowFlex's patents is provided by corresponding product.

### THE ASSERTED PATENTS

14.    On August 28, 2007, the United States Patent and Trademark Office duly issued the '678 patent, entitled "Adjustable Dumbbell System". A true and correct copy of the '678 patent is attached hereto as Exhibit 1.

15.    BowFlex is the owner by assignment of the entire right, title, and interest in and to the '678 patent, including the right to sue and recover past, present and future damages for infringement.

16.     On November 10, 2009, the United States Patent and Trademark Office duly issued the '982 patent, entitled "Adjustable Dumbbell System".  A true and correct copy of the '982 patent is attached hereto as Exhibit 2.

17.     BowFlex is the owner by assignment of the entire right, title, and interest in and to the '982 patent, including the right to sue and recover past, present and future damages for infringement.

18.     On August 23, 2011, the United States Patent and Trademark Office duly issued the '680 patent, entitled "Adjustable Dumbbell System". A true and correct copy of the '680 patent is attached hereto as Exhibit 3.

19.     BowFlex is the owner by assignment of the entire right, title, and interest in and to the '680 patent, including the right to sue and recover past, present and future damages for infringement.

**BOWFLEX'S TRADE DRESS AND REGISTERED TRADEMARK**

20.     BowFlex's SelectTech 552 Dumbbells and SelectTech 1090 Dumbbells incorporate a distinctive source-identifying product configuration ("Trade Dress"), which is registered with the United States Patent and Trademark Office ("USPTO") and used by BowFlex in interstate commerce.  A copy of BowFlex's registration, Reg. No. 3,783,324 ("Registered Mark"), is attached hereto as Exhibit 4.

21.     BowFlex is the exclusive owner of the Registered Mark, which has become incontestable pursuant to 15 U.S.C. § 1065.

22.     As set forth in the Registered Mark's registration certificate, BowFlex's Trade Dress constitutes the configuration of the outer surface of an adjustable dumbbell comprised of opposing sets of weight plates arranged to create segmented, generally frusto-conical shapes. *See generally*, Exhibit 4.

23.     When developing the BowFlex SelectTech Adjustable Dumbbells, BowFlex designed and created an original and distinctive configuration for the dumbbells' overall appearance, and this Trade Dress was first used in commerce as early as August 2003.

24.     BowFlex has used the Trade Dress continuously for almost two decades.

The Trade Dress has been and continues to be associated with extensive efforts of promotion and advertising in the United States.  As a result, the Trade Dress has become recognized as indicator of source for BowFlex's iconic and high-quality adjustable dumbbells and symbolizes the substantial and valuable goodwill associated with BowFlex's products.

25.     The configuration embodied in BowFlex's Trade Dress is non-functional and constitutes an arbitrary, fanciful and incidental aspect of BowFlex's products and does not affect the cost or quality of these goods. Specifically, the particular shape of the design provides no utilitarian advantage and is not claimed in any utility patents, functional aspects of the configuration are not touted in BowFlex's advertising or promotional materials, there are ample, equally efficient and economical, alternative designs available to and currently used by competitors, and the design does not result from a comparatively simple or inexpensive method of manufacturing the product.

## DEFENDANTS' INFRINGEMENT AND UNLAWFUL CONDUCT

26.     On information and belief, Defendant Umut Aslan began selling infringing adjustable dumbbell products through at least www.easyfitnessequipment.com as early as 2020. Defendant's infringing adjustable dumbbell products include at least the products referred to as "552 LBS Muscle Master Adjustable Dumbbells", "1090 LBS Easy Adjustable Dumbbells", and "Adjustable Dumbbells 10 lbs – 90 lbs." On information and belief, at least the "Muscle Master" version of the products sold by Umut Aslan were sourced from Selim Aslan for sale or resale by Umut Aslan.

27.     On information and belief, Defendant Selim Aslan began selling infringing adjustable dumbbell products as early as 2020. Defendant's infringing adjustable dumbbell products include at least the products referred to as "Muscle Master 5 LB – 52.5 LB Adjustable Dumbbells" and "Muscle Master 10 LB-90 LB Adjustable Dumbbells."

28.     The infringing products identified above in paragraphs 26 and 27 are referred to herein collectively as the "Accused Products." Accused Products are shown

in exemplary webpages provided in Exhibit 5.

29.    On information and belief, the Accused Products directly compete with BowFlex's SelectTech adjustable dumbbells, and Defendants targeted customers in the United States in the same markets served by BowFlex, including but not limited to the State of California and this District.

30.    The Accused Products appear to have substantially similar, if not nearly identical or substantially indistinguishable, mechanical designs and features as those found in BowFlex's SelectTech adjustable dumbbells and/or those disclosed and claimed in the Asserted Patents. On information and belief, the Accused Products were derived or developed through copying BowFlex's patented technology and/or Trade Dress.

31.    On information and belief, the commercial success of BowFlex's SelectTech dumbbells, the patents covering BowFlex's products, and BowFlex's Trade Dress were well-known to competitors in the adjustable dumbbell space, such as Defendants.

## COMMUNICATIONS BETWEEN THE PARTIES
## CONCERNING THE ACCUSED PRODUCTS

32.    On information and belief, Defendant Umut Aslan has had notice and/or knowledge of the Trade Dress since as early as September 2023 after receiving a letter from BowFlex that identified BowFlex's Trade Dress and described BowFlex's infringement concerns in connection with the Accused Products. Defendant Umut Aslan failed to respond to this letter. After multiple follow up attempts to reach Umut Aslan, BowFlex observed that the Easy Fitness website was deactivated and the email address "info@easyfitnessequipment.com" was set to provide an automatic reply indicating that "our business is closed permanently." However, Defendant Umut Aslan later resumed (or continued) his infringing activities, including but not limited to offering for sale and/or selling the Accused Product in the United States through listings on ebay.com and offerup.com.

33.    On information and belief, Defendant Selim Aslan has had notice and/or knowledge of the Asserted Patents since as early as July 2021 after receiving a letter

from BowFlex that identified a weblink to BowFlex's patent portfolio related to adjustable dumbbells and described BowFlex's infringement concerns related to the '680 patent in connection with the Accused Products.

34.     BowFlex did not receive a response from Defendant Selim Aslan to this correspondence from BowFlex and did not receive a response to its multiple follow up attempts to reach Selim Aslan. After BowFlex notified Selim Aslan of the Asserted Patents and BowFlex's infringement concerns, BowFlex observed the removal of the Accused Products from certain web listings associated with the "Muscle Master" business. However, on information and belief, "Muscle Master" products were still available at least through Defendant Umum Aslan's business.

35.     On information and belief, Defendants knew or should have known that their conduct amounted to infringement of the '678 patent, the '680 patent, the '982 patent, and/or the Trade Dress.

<u>**COUNT I**</u>

**(INFRINGEMENT OF THE '678 PATENT BY UMUT ASLAN)**

36.     BowFlex incorporates by reference the foregoing paragraphs 1-35 of the Complaint as though fully set forth herein.

37.     Umut Aslan has directly infringed at least claim 1 of the '678 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the Accused Products in the United States.

38.     Claim 1 of the '678 patent recites:

An adjustable dumbbell system, comprising:

(a) a dumbbell comprising:

(i) a handle;

(ii) an inner support mounted on the handle and substantially fixed relative to the handle;

(iii) an inner disc rotatably mounted on the handle;

(iv) a plurality of intercoupled collars each including at least

8

one flange, the plurality of intercoupled collars being further intercoupled with the inner disc;

(v) a rotational interference device for coupling the inner disc to the inner support;

(vi) a selector device intercoupled with the plurality of intercoupled collars and the inner disc; and

(b) a base support comprising:

(i) a plurality of weights, each weight having a tab;

(ii) a plurality of positioning the walls for supporting the weights; and

(iii) an actuator for releasing the rotational interference device, whereby some combination of the plurality of weights are selected by engaging the at least one flange of at least one of the collars with the tab of the weight.

39.   On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, the Accused Products infringe at least claim 1 of the '678 patent at least as follows:

a.   While the preamble is not necessarily limiting, the Accused Products are adjustable dumbbell systems;

b.   The Accused Products have a dumbbell;

c.   The Accused Products have a dumbbell with a handle;

d.   The Accused Products have a dumbbell with an inner support mounted on the handle and substantially fixed relative to the handle—for example, depictions of the Accused Products show inner supports towards the inner portion of the dumbbell near the handle;

e.   The Accused Products have a dumbbell with an inner disc rotatably mounted on the handle—for example, depictions of the Accused Products show an inner metal disc between an inner support and the

innermost weight plate;

f.   The Accused Products have a dumbbell with a plurality of intercoupled collars each including at least one flange, the plurality of intercoupled collars being further intercoupled with the inner disc—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

g.   The Accused Products have a dumbbell with a rotational interference device for coupling the inner disc to the inner support—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

h.   The Accused Products have a dumbbell with a selector device intercoupled with the plurality of intercoupled collars and the inner disc—for example, the Accused Products are depicted with at least one selection dial located towards the end of each dumbbell;

i.   The Accused Products have a base support—for example, the Accused Products are depicted with a weight tray;

j.   The Accused Products have a base support with a plurality of weights, each weight having a tab—for example, depictions of the Accused Products show various weight plates;

k.   The Accused Products have a base support with a plurality of positioning the walls for supporting the weights—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

l.   The Accused Products have a base support with an actuator for releasing the rotational interference device, whereby some

10

combination of the plurality of weights are selected by engaging the at least one flange of at least one of the collars with the tab of the weight—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies.

40.   Umut Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Umut Aslan damages sustained as a result of his infringement of the '678 patent.

41.   Umut Aslan's acts of infringement of the '678 patent have caused, and will continue to cause, irreparable harm to BowFlex. BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

42.   On information and belief, Umut Aslan's infringement of the '678 patent has been and is intentional, knowing and willful.

## COUNT II

### (INFRINGEMENT OF THE '678 PATENT BY SELIM ASLAN)

43.   BowFlex incorporates by reference the foregoing paragraphs 1-42 of the Complaint as though fully set forth herein.

44.   Selim Aslan has directly infringed at least claim 1 of the '678 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the Accused Products in the United States.

45.   On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, including but not limited to the opportunity to obtain or inspect product samples, the Accused Products infringe at least claim 1 of the '678 patent for at least the reasons set forth in paragraph 39.

46.   Selim Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Selim Aslan damages sustained as a result of his

infringement of the '678 patent.

47.     Selim Aslan's acts of infringement of the '678 patent have caused, and will continue to cause, irreparable harm to BowFlex. BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

48.     On information and belief, Selim Aslan's infringement of the '678 patent has been and is intentional, knowing and willful.

## COUNT III

### (INFRINGEMENT OF THE '680 PATENT BY UMUT ASLAN)

49.     BowFlex incorporates by reference the foregoing paragraphs 1-48 of the Complaint as though fully set forth herein.

50.     Umut Aslan has directly infringed at least claim 1 of the '680 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Accused Products in the United States.

51.     Claim 1 of the '680 patent recites:

An adjustable dumbbell apparatus, comprising:

a dumbbell comprising:

at least one weight plate; and

a selector selectively associated with the at least one weight plate to provide a desired weight load, the selector including a disc with at least one engagement portion; and

a base configured to receive the dumbbell and including an engagement member, wherein:

the engagement member and the at least one engagement portion of the disc are configured such that the engagement of the engagement member with the at least one engagement portion secures the dumbbell to the base and disengagement of the engagement member

from the at least one engagement portion unsecures the dumbbell from the base;

when the dumbbell is secured to the base by engagement of the engagement member with the at least one engagement portion, a user is unable to readily remove the dumbbell from the base; and

when the dumbbell is unsecured from the base by disengagement of the engagement member from the at least one engagement portion, the user may readily remove the dumbbell from the base.

52.   On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, the Accused Products infringe at least claim 1 of the '680 patent at least as follows:

    a.  While the preamble is not necessarily limiting, the Accused Products are adjustable dumbbell apparatuses;

    b.  The Accused Products have a dumbbell with numerous weight plates;

    c.  The Accused Products have a dumbbell with a selection dial interlocked and/or interconnected with a series of collars and an inner disc that has numerous teeth—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

    d.  The Accused Products have a base with a tab that protrudes from the base in an arrangement that allows the tab to engage and disengage with teeth of the inner disc to lock and unlock the dumbbell from the base—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

    e.  The Accused Products have an arrangement of the tab of the base and the teeth of the inner disc that provides a feature such that when the

dumbbell is secured to the base by engagement of the tab with one of the teeth of the inner disc, a user is unable to readily remove the dumbbell from the base, and when the dumbbell is unsecured from the base by disengagement of the tab from one of the teeth of the inner disc, the user may readily remove the dumbbell from the base—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies.

53.    Umut Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Umut Aslan damages sustained as a result of his infringement of the '680 patent.

54.    Umut Aslan's acts of infringement of the '680 patent have caused, and will continue to cause, irreparable harm to BowFlex. BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

55.    On information and belief, Umut Aslan's infringement of the '680 patent has been and is intentional, knowing and willful.

## COUNT IV

### (INFRINGEMENT OF THE '680 PATENT BY SELIM ASLAN)

56.    BowFlex incorporates by reference the foregoing paragraphs 1-55 of the Complaint as though fully set forth herein.

57.    Selim Aslan has directly infringed at least claim 1 of the '680 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the Accused Products in the United States.

58.    On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, including but not limited to the opportunity to obtain or inspect product samples, the Accused Products infringe at

least claim 1 of the '680 patent for at least the reasons set forth in paragraph 52.

59.     Selim Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Selim Aslan damages sustained as a result of his infringement of the '680 patent.

60.     Selim Aslan's acts of infringement of the '680 patent have caused, and will continue to cause, irreparable harm to BowFlex. BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

61.     On information and belief, Selim Aslan's infringement of the '680 patent has been and is intentional, knowing and willful.

## COUNT V

## (INFRINGEMENT OF THE '982 PATENT BY UMUT ASLAN)

62.     BowFlex incorporates by reference the foregoing paragraphs 1-61 of the Complaint as though fully set forth herein.

63.     Umut Aslan has directly infringed at least claim 8 of the '982 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the Accused Products in the United States.

64.     Claim 8 of the '982 patent recites:

An adjustable dumbbell apparatus, comprising:

a dumbbell comprising:

a bar;

a selector for operably engaging and disengaging at least one weight with the bar by moving the selector relative to the bar; and

a base to receive the dumbbell and the at least one weight and including an actuator positioned within a portion of the base not receiving the at least one weight;

the locking mechanism preventing movement of the selector relative to the bar when the dumbbell is not received in the base;

the actuator releasing the locking mechanism when the dumbbell is received in the base, thus allowing the selector to move relative to the bar; and

the locking mechanism comprising:

a first member mounted on the bar in a fixed rotational position relative to the bar;

a second member rotatably mounted on the bar and operatively associated with the selector;

a coupling device moveable between at least first and second positions for coupling and decoupling the first and second member and biased to the first position, wherein:

the first member is coupled to the second member when the coupling device is in the first position;

the first member is decoupled from the second member when the coupling device is in the second position;

movement of the selector relative to the bar is restricted when the first member is coupled to the second member;

movement of the selector relative to the bar is allowed when the first member is decoupled from the second member;

the actuator deactivates the locking mechanism by moving the coupling device from the first position to the second position when the dumbbell is received in the base; and

the second member is selectively rotatable around the bar to a plurality of rotational positions.

16

65.     On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, the Accused Products infringe at least claim 8 of the '982 patent at least as follows:

a.      While the preamble is not necessarily limiting, the Accused Products are adjustable dumbbell apparatuses;

b.      The Accused Products have a dumbbell with a metal bar associated with or connected to various parts such as interlocked collars and a bridge—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

c.      The Accused Products have a dumbbell with a selection dial interlocked and/or interconnected with a series of collars and an inner disc that has numerous teeth which, when rotated, causes the collars to engage and disengage weights through flanges that can engage with tabs on the weights—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

d.      The Accused Products have various parts that form a locking mechanism, as further detailed below, that interacts with the assembly of parts interlocked and/or interconnected with the selection dial—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

e.      The Accused Products have a base that receives the dumbbell and numerous weight plates, and the base has metal protrusions located towards the inner portion of the base—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be

copies;

f.   The Accused Products have a locking mechanism that prevents movement of the selection dial relative to the bar when the dumbbell is not received in the base—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

g.   The Accused Products have metal protrusions on the base that move a button component with an upwardly sloping cam surface when the dumbbell is properly seated in the base, which causes the upwardly sloping cam surface of the button component to engage with the downwardly sloping cam surface of the pin component and moves the pin component to a second position, which consequently allows the selection dial to move relative to the bar—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

h.   The Accused Products have an inner cover which is mounted in a fixed rotational position relative to the bar—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

i.   The Accused Products have an inner metal disc mounted on the bar that rotates as the selection dial is rotated—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies;

j.   The Accused Products have spring-biased pin component that can

occupy a first position and a second position, and is biased to the first position as a result of a spring—in an apparent arrangement similar, substantially similar, and/or identical to BowFlex's adjustable dumbbell products of which the Accused Products appear to be copies whereby when the dumbbell is not received in the base, the pin component occupies the first position and a pin portion of the pin component is seated with a circular opening of an inner disc, which prevents rotation of the selection dial, and when the dumbbell is received in the base a protrusion on the base causes the button component to engage with the pin component and moves the pin component to a second position allowing the inner disc to rotate, which allows movement of the selection dial.

k.    The Accused Products have an inner metal disc that can be rotated to various positions as the selection dial is rotated.

66.    Umut Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Umut Aslan damages sustained as a result of his infringement of the '982 patent.

67.    Umut Aslan's acts of infringement of the '982 patent have caused, and will continue to cause, irreparable harm to BowFlex.  BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

68.    On information and belief, Umut Aslan's infringement of the '982 patent has been and is intentional, knowing and willful.

## COUNT VI

### (INFRINGEMENT OF THE '982 PATENT BY SELIM ASLAN)

69.    BowFlex incorporates by reference the foregoing paragraphs 1-68 of the Complaint as though fully set forth herein.

19

70.   Selim Aslan has directly infringed at least claim 8 of the '982 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the Accused Products in the United States.

71.   On information and belief, which will likely be further established after a reasonable opportunity for further investigation and discovery, including but not limited to the opportunity to obtain or inspect product samples, the Accused Products infringe at least claim 8 of the '982 patent for at least the reasons set forth in paragraph 65.

72.   Selim Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Selim Aslan damages sustained as a result of his infringement of the '982 patent.

73.   Selim Aslan's acts of infringement of the '982 patent have caused, and will continue to cause, irreparable harm to BowFlex.  BowFlex's patented technology is a key driver of the success of BowFlex's adjustable dumbbell products. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services.

74.   On information and belief, Selim Aslan's infringement of the '982 patent has been and is intentional, knowing and willful.

## <u>COUNT VII</u>
## (**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 BY UMUT ASLAN**)

75.   BowFlex incorporates by reference the foregoing paragraphs 1-74 of the Complaint as though fully set forth herein.

76.     As demonstrated and depicted below, the Accused Products include design elements that are nearly identical to and/or substantially indistinguishable from BowFlex's Registered Mark. As a result, such designs of the Accused Products infringe the Registered Mark, are confusingly similar in appearance, and/or incorporate a spurious configuration constituting a counterfeit.



77.     As shown above in the image of an Accused Product, the Accused Products include a configuration of the outer surface of an adjustable dumbbell comprised of opposing sets of weight plates arranged to create segmented, generally frusto-conical shapes in the manner disclosed in the registration certificate for the Registered Mark ("Accused Design").

78.     On information and belief, Umut Aslan sells or sold the Accused Products in the same channels of trade as BowFlex's SelectTech dumbbells, such as online sales.

79.     Umut Aslan's use of a reproduction, counterfeit, copy, or colorable imitation of the Registered Mark, without BowFlex's consent in connection with the sale, offering for sale, distribution, or advertising of the Accused Products constitutes infringement of the Registered Mark in violation of 15 U.S.C. § 1114 as such use is likely to cause consumer confusion, deception, and/or mistake among consumers as to the affiliation,

21

connection, or association of Umut Aslan (and/or the products he sells) and BowFlex, and/or as to the origin, sponsorship, or approval by BowFlex of the Accused Products advertised, promoted, sold, and/or distributed by Umut Aslan.

80. Umut Aslan's acts of infringement have caused damage to BowFlex, and BowFlex is entitled to recover from Umut Aslan damages sustained as a result of his infringement of the Registered Mark.

81. Umut Aslan's acts of infringement of the Registered Mark have caused, and will continue to cause, irreparable harm to BowFlex. His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services, as well as jeopardizing the goodwill symbolized by the Registered Mark.

82. On information and belief, Umut Aslan's infringement of the Registered Mark has been and is intentional, knowing and willful.

## COUNT VIII

### (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 BY SELIM ASLAN)

83. BowFlex incorporates by reference the foregoing paragraphs 1-82 of the Complaint as though set forth herein.

84. As demonstrated and depicted below, the Accused Products include design elements that are nearly identical to and/or substantially indistinguishable from BowFlex's Registered Mark. As a result, such designs of the Accused Products infringe the Registered Mark, are confusingly similar in appearance, and/or incorporate a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

spurious configuration constituting a counterfeit.



85.     As shown above in the image of an Accused Product, the Accused Products include a configuration of the outer surface of an adjustable dumbbell comprised of opposing sets of weight plates arranged to create segmented, generally frusto-conical shapes in the manner disclosed in the registration certificate for the Registered Mark ("Accused Design").

86.     On information and belief, Selim Aslan sells or sold the Accused Products in the same channels of trade as BowFlex's SelectTech dumbbells, such as online sales.

87.     Selim Aslan's use of a reproduction, counterfeit, copy, or colorable imitation of the Registered Mark, without BowFlex's consent in connection with the sale, offering for sale, distribution, or advertising of the Accused Products constitutes infringement of the Registered Mark in violation of 15 U.S.C. § 1114 as such use is likely to cause consumer confusion, deception, and/or mistake among consumers as to the affiliation, connection, or association of Selim Aslan (and/or the products he sells) and BowFlex, and/or as to the origin, sponsorship, or approval by BowFlex of the Accused Products advertised, promoted, sold, and/or distributed by Selim Aslan.

88.     Selim Aslan's acts of infringement have caused damage to BowFlex, and

BowFlex is entitled to recover from Selim Aslan damages sustained as a result of his infringement of the Registered Mark.

89.     Selim Aslan's acts of infringement of the Registered Mark have caused, and will continue to cause, irreparable harm to BowFlex.  His infringement has resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services, as well as jeopardizing the goodwill symbolized by the Registered Mark.

90.     On information and belief, Selim Aslan's infringement of the Registered Mark has been and is intentional, knowing and willful.

## COUNT IX

## (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A) BY UMUT ASLAN)

91.     BowFlex incorporates by reference the foregoing paragraphs 1-90 of the Complaint as though fully set forth herein.

92.     Umut Aslan's use in commerce of the Accused Design in connection with adjustable dumbbells is a false designation of origin and an infringement of BowFlex's nationwide common law rights in the Trade Dress, as such use is likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, or association of Umut Aslan (and/or the products he sells) and BowFlex, and/or as to the origin, sponsorship or approval by BowFlex of the Accused Products advertised, promoted, sold, and distributed by Umut Aslan.

93.     Umut Aslan has used the Accused Design in commerce in connection with the sale of adjustable dumbbell products in a manner that constitutes a false designation of origin and/or false and misleading descriptions and representations, which tend to falsely describe the origin, sponsorship, association, or approval by BowFlex of the Accused Products sold by Umut Aslan.

94.      Umut Aslan's acts have caused damage to BowFlex, and BowFlex is entitled to recover from Umut Aslan damages sustained as a result of his acts.

95.     Umut Aslan's acts have caused, and will continue to cause, irreparable harm

to BowFlex. His acts have resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services, as well as jeopardizing the goodwill symbolized by BowFlex's Trade Dress.

96.     On information and belief, Umut Aslan's conduct has been and is intentional, knowing and willful.

## COUNT X

### (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A) BY SELIM ASLAN)

97.     BowFlex incorporates by reference the foregoing paragraphs 1-96 of the Complaint as though fully set forth herein.

98.     Selim Aslan's use in commerce of the Accused Design in connection with adjustable dumbbells is a false designation of origin and an infringement of BowFlex's nationwide common law rights in the Trade Dress, as such use is likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, or association of Selim Aslan (and/or the products he sells) and BowFlex, and/or as to the origin, sponsorship or approval by BowFlex of the Accused Products advertised, promoted, sold, and distributed by Selim Aslan.

99.     Selim Aslan has used the Accused Design in commerce in connection with the sale of adjustable dumbbell products in a manner that constitutes a false designation of origin and/or false and misleading descriptions and representations, which tend to falsely describe the origin, sponsorship, association, or approval by BowFlex of the Accused Products sold by Selim Aslan.

100.    Selim Aslan's acts have caused damage to BowFlex, and BowFlex is entitled to recover from Selim Aslan damages sustained as a result of his acts.

101.    Selim Aslan's acts have caused, and will continue to cause, irreparable harm to BowFlex. His acts have resulted in lost sales of BowFlex adjustable dumbbell products and related BowFlex products and services, as well as jeopardizing the goodwill symbolized by BowFlex's Trade Dress.

102. On information and belief, Selim Aslan's conduct has been and is intentional, knowing and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, BowFlex respectfully requests that the Court enter judgment in its favor, granting the following relief:

A. Entry of judgment in favor of BowFlex on all causes of action set forth herein;

B. Entry of a preliminary and permanent injunction enjoining Defendants and their employees, agents, consultants, contractors, suppliers, distributors and all other acting in privity with Defendants from further infringement of the Asserted Patents;

C. Entry of a preliminary and permanent injunction enjoining Defendants and their employees, agents, consultants, contractors, suppliers, distributors and all other acting in privity with Defendants from further trademark infringement and false designation of origin as set forth herein;

D. Entry of an award to BowFlex of damages adequate to compensate it for Defendants' patent infringement in an amount to be proven at trial, together with pre-judgment and post-judgment interest and costs, as fixed by the Court;

E. Entry of an award to BowFlex of damages adequate to compensate for damages recoverable under the Lanham Act, trebled pursuant to 15 U.S.C. § 1117(a) and (b); or, in the alternative and at BowFlex's election, awarding BowFlex statutory damages pursuant to 15 U.S.C. § 1117(c);

F. Entry of judgment that each of Defendants' infringement of the Asserted Patents has been willful and award BowFlex treble damages under 35 U.S.C. § 284;

G. Entry of an award to BowFlex of its costs, expenses and reasonable attorneys' fees and expenses incurred in this action under 35 U.S.C. § 285, 28 U.S.C. § 1927, the Court's inherent powers, as permitted by the Lanham Act, or on any other applicable basis;

H. That the Court award interest on the damages; and

I.      Further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all matters triable by jury.

Dated:  January 9, 2024

/s/  Karen Luong
Karen Luong (CA #246809)
karen.luong@huschblackwell.com
**HUSCH BLACKWELL LLP**
355 South Grand Avenue, Suite 2850
Los Angeles, California 90071
213.337.6550

Rudolph A. Telscher, Jr.* (#41072MO)
rudy.telscher@huschblackwell.com
Paul L. Smelcer* (#69351MO)
paul.smelcer@huschblackwell.com
Andrea J. Fischer* (#75879MO)
andrea.fischer@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone
*Pro Hac Vice Filed Concurrently*

***Attorneys for Plaintiff BowFlex Inc.***